**S.F. DUDLEY, Appellant,**

v.

**E.W. HABLE & SONS, INC. & James Harris Concrete Finishing, Appellees.**

No. 12–84–0037–CV.

Court of Appeals of Texas, Tyler.

Dec. 6, 1984.

David H. Hill, Henderson, for appellant.

Emerson Stone, Jacksonville, for appellees.

PER CURIAM.

This is an appeal from the trial court's order denying appointment of a receiver under TEX.BUS. & COM.CODE ANN. § 17.59 (Vernon Supp.1984). Appellee E.W. Hable & Sons, Inc. settled and was dismissed as a party defendant in the trial court.

On March 23, 1982, judgment was entered in favor of appellant against appellee, James Harris Concrete Finishing (Harris), in an action brought by appellant under the Texas Deceptive Trade Practices Act, TEX. BUS. & COM.CODE, Chapter 17, Subchapter E. Appellant was awarded $5,610.00 in damages and attorney's fees of $2,100.00, with post-judgment interest at the rate of nine percent per annum. Harris made no payment on the judgment, and on October 17, 1983, appellant filed a motion to show cause why a receiver should not be appointed under § 17.59. A hearing on the motion was held on November 2, 1983; Harris appeared at the hearing with counsel. On January 6, 1984, the trial court denied appellant's motion. Harris filed no brief in this appeal of the trial court's order.

Section 17.59 reads in relevant part as follows:

(a) If a money judgment entered under this subchapter is unsatisfied 30 days after it becomes final and if the prevailing party has made a good faith attempt to obtain satisfaction of the judgment, the following presumptions exist with respect to the party against whom the judgment was entered:

(1) that the defendant is insolvent or in danger or becoming insolvent; and

(2) that the defendant's property is in danger of being lost, removed, or otherwise exempted from collection on the judgment; and

(3) that the prevailing party will be materially injured unless a receiver is appointed over the defendant's business; and

(4) that there is no adequate remedy other than receivership available to the prevailing party.

(b) Subject to the provisions of Subsection (a) of this section, a prevailing party may move that the defendant show cause why a receiver should not be appointed. Upon adequate notice and hearing, the court shall appoint a receiver over the defendant's business unless the defendant proves that all of the presumptions set forth in Subsection (a) of this section are not applicable.

Harris testified that he had not made any payments on the judgment. Counsel for appellant testified that good faith attempts had been made to satisfy the judgment and that attempts to execute on the judgment had been unsuccessful. A review of the record reveals that Harris made no attempt to disprove the presumptions set forth in Subsection (a) of § 17.59, except that he testified he was not insolvent or in danger of becoming insolvent.

While the appointment of receivers under TEX.REV.CIV.STAT.ANN. art. 2293 [1] (Vernon 1971) has been held to be within the sound discretion of the trial court, *Sloan v. Sloan*, 474 S.W.2d 272 (Tex.Civ. App.—Waco 1971, no writ), the language of

---

**1.** Art. 2293 states, "Receivers *may* be appointed by any judge of a court of competent jurisdiction of this State, in the following cases ..." (Emphasis added).

§ 17.59(b) is mandatory, i.e., "Upon adequate notice and hearing, the court *shall* appoint a receiver over the defendant's business unless the defendant proves that all of the presumptions set forth in Subsection (a) of this section are not applicable." (Emphasis added). The conditions of § 17.59 having been met, appellant was entitled to the appointment of a receiver.

We hold that the trial court was in error in denying appellant's motion to appoint a receiver. The judgment of the trial court is reversed, and the cause remanded to the trial court with instructions to grant appellant's motion to appoint a receiver in accordance with § 17.59.